IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM CHERRY, | ) | |
| | ) | Civil Action No. 15-1457 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | David S. Cercone |
| | ) | |
| SPECIAL EDUCATION, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

**Cynthia Reed Eddy, United States Magistrate Judge**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and/or motion for definite statement pursuant to Rule 12(e) (ECF No. 9) be denied.

## II. REPORT

### A. Background

Plaintiff Kim Cherry initiated this action *pro se* on November 6, 2015 by filing a motion for leave to proceed *in forma pauperis*, and her complaint was filed on November 12, 2015. (ECF Nos. 1, 3) Plaintiff filed an amended complaint on November 16, 2015. (ECF No. 8). Essentially, Plaintiff is dissatisfied with the program in which Defendant—the school district—placed her grandson, R.C., who has Down syndrome.[1] On December 1, 2015, Defendant filed the pending motion to dismiss and/or motion for more definite statement, together with a brief in support thereof. (ECF Nos. 9, 10). On December 9, 2015, Plaintiff filed a document entitled

---

[1] Although incorrectly identified in the amended complaint as "Special Education," the appropriate Defendant in this case is the School District of Pittsburgh.

1

"Motion," which did not seek any relief and rather appeared to be a response to Defendant's underlying pending motion. On January 11, 2016, the Court denied this "Motion" without prejudice given that it did not seek any relief, and gave Plaintiff another opportunity to file a brief in opposition to Defendant's pending motion on or before January 22, 2016. (ECF No. 16). Plaintiff was informed that if she failed to file a brief in opposition within this timeframe, the Court would construe her "Motion" as a brief in opposition to Defendant's motion, and decide Defendant's motion without any further involvement from Plaintiff. (Id.).

Plaintiff filed a motion for extension of time to file the brief in opposition on January 22, 2016, stating that she "retained a lawyer through Children's Hospital" and that the extension will give the lawyer time to look over her grandchild's case. (ECF. No. 17). The Court granted this motion and extended the deadline to file the brief in opposition until February 22, 2016. No lawyer ever entered an appearance on behalf of Plaintiff or filed a brief in opposition to Defendant's pending motion during that time period. The Court therefore entered an Order to Show Cause on March 10, 2016 directing Plaintiff to either (1) have her lawyer enter an appearance in this case and file the brief in opposition to Defendant's motion, or (2) show cause why the lawyer has been unable to comply with the Court's deadline. (ECF No. 19). Alternatively, the Court ordered that to the extent that Plaintiff did not actually have a lawyer, she would have one last chance to file a brief in opposition to Defendant's motion on or before March 24, 2016. (Id.). She was advised that failure to comply with that Order would result in the Defendant's motion being decided on the record before the Court. Since that Order, no lawyer entered an appearance on behalf of Plaintiff and Plaintiff did not file any other documents opposing Defendant's motion. Accordingly, the matter is ripe for recommendation.

### B. Allegations in Amended Complaint

The amended complaint solely consists of the following single paragraph:

> The Special Education department is placing my grandson who has Down syndrome at a school his family doesn't agree on. They have given us know [*sic*] choices. We want him to go to family links, John Merck or some other short term school. They can help him again enter into a public school so that he can again be around children who have disabilities and children that don't. The Special Education Department doesn't want to listen to anything we have to say. The[y are] disagreeing on everything we suggest. They say he's going to Conroy.
>
>                            Kim Cherry.

(ECF No. 8).

### C. Defendant's Motion and Plaintiff's Response

Defendant notes in its motion and supporting brief that while the amended complaint does not identify any specific claim or statute under which Plaintiff is seeking relief, it appears that she is attempting to bring this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. The Court agrees.

Defendant seeks to dismiss the amended complaint for the following reasons: (1) lack of subject matter jurisdiction (a) pursuant to Article III standing, and (b) failure to exhaust all administrative remedies under the IDEA as to some, but not all, issues; (2) failure to state a claim because she names a fictitious entity, i.e., "Special Education," as the Defendant instead of the appropriate Defendant, School District of Pittsburgh; and, alternatively (3) failure to plead the facts in a manner in which Defendant can reasonably prepare a response. (ECF Nos. 9, 10). Plaintiff responded to this motion as follows:

> I have presented Special Education and bull[y]ing laws that my grandson has not been allowed to use and wasn't given the rights he deserves. The family has not been allowed to be involved with his last [individualized education program] IEP. The last 2 IEP have not been on an individual basis. If I had been involved with the last IEP they would have known I wanted to reopen his IEP. I was invited to Conroy to discuss him being there. I was never asked to visit Min[a]deo for

[R.C.'s] IEP since the appeals started. These act [*sic*] toward [R.C.] and my family has been very discouraging and has failed [R.C.] from being the person he could have become.

                Rodney Cherry  Kim Cherry
                Father     Grandmother

(ECF No. 13).[2] Attached to this response, Plaintiff provided an article entitled "SPECIAL EDUCATION: FEDERAL LAW vs. STATE LAW," an article from stopbullying.gov entitled "Bullying and Youth with Disabilities and Special Health Needs," and an article entitled "How IDEA Protects You and Your Child." (ECF No. 13-1). Defendants replied to Plaintiff's response by stating that all of the averments and attachments therein are new, were not alleged at the administrative level, and were not contained within Plaintiff's amended complaint. (ECF No. 15).

  **D.**  **Discussion**

    **1.**  **Motion to Dismiss under Rule 12(b)(1)**

      A.  <u>Article III Standing</u>

Defendant initially moves to dismiss the amended complaint pursuant to Rule 12(b)(1) for lack of Article III standing arguing that Plaintiff has not alleged that she suffered an injury-in-fact that is fairly traceable to Defendant's alleged actions and that Plaintiff's alleged injury cannot be redressable by a favorable decision. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Defendant states in its brief that Plaintiff is the guardian to the minor child, R.C. (ECF No. 10 at 3).[3] Nevertheless, Defendant contends that because R.C. is "named nowhere in the Amended Complaint," Plaintiff "lacks standing to file as the aggrieved party." (ECF No. 10

---

[2] As noted above, although this document is entitled "Motion," it is being construed as a response to Defendant's pending motion to dismiss.

[3] The Court notes that in the hearing officer's decision, Plaintiff is identified as a party to the impartial due process hearing and is referred to therein as R.C.'s guardian. (ECF No. 3-2).

4

at 3). The Court notes, however, that the amended complaint specifically states that Plaintiff is bringing this action in direct response to the decision to place her grandson in a certain school program, and that Plaintiff attached the hearing officer's decision regarding R.C.'s placement when she initiated this action. (ECF No. 3-2). Thus, even though R.C. is not mentioned by name in the amended complaint, it is apparent that Plaintiff is bringing this action on his behalf.

The fact that the caption is technically incorrect and does not expressly identify that Plaintiff is bringing this claim on behalf of R.C. does not strip this Court of subject matter jurisdiction. This deficiency is not substantive and can easily be cured by amending the caption, as demonstrated below in Section II.D.2. Notably, Defendant does not contend that Plaintiff does not have the right to bring this action on behalf of R.C. under the IDEA. See 20 U.S.C. § 1415(i)(2)(A) (any party aggrieved by the hearing officer's decision may seek judicial review in a federal district court); id., § 1401(23)(B)—(C) (under the IDEA, the term "parent" is defined to include, *inter alia*, the child's guardian, or "an individual acting in the place of a natural or adoptive parent (including a grandparent…) with whom the child lives, or an individual who is legally responsible for the child's welfare").[4]

The Court must remain cognizant that allegations of a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and that they must be construed liberally so "as to do substantial justice," Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). Therefore, because it appears that Plaintiff is bringing this action only on behalf of R.C. based on her status as his guardian, rather than personally on her own behalf, the Court finds that it would be inappropriate to dismiss this claim merely

---

[4] This is not a finding that Plaintiff is in fact R.C.'s "parent" under the IDEA. Rather, we are simply viewing the facts of the amended complaint in a light most favorable to Plaintiff. This inference is informed by Defendant's statement that Plaintiff is R.C.'s guardian and because Plaintiff was treated as R.C.'s guardian at the impartial due process hearing.

because the caption of the amended complaint is technically inaccurate. Accordingly, Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction on this basis should be denied, and said deficiency may be corrected by the Court amending the caption, as discussed below.

B. Failure to Exhaust Administrative Remedies

Defendants also move to dismiss certain portions of the amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) for failure to exhaust all administrative remedies. In Batchelor v. Rose Tree Medial Sch. Dist., the United States Court of Appeals for the Third Circuit briefly explained the statutory scheme of the IDEA as follows:

> The purpose of the IDEA is to "ensure that all children with disabilities have available to them a free appropriate public education ["FAPE"] that emphasizes special education and related services designed to meet their unique needs...." 20 U.S.C. § 1400(d)(1)(A). Under the IDEA, a state is eligible for federal funding if it complies with several requirements, all aimed at protecting the rights of students with disabilities and their parents. The main requirement is that states make available a FAPE to children with disabilities. *Id.* § 1412(a)(1). States must comply with detailed procedures for identifying, evaluating, and making placements for students with disabilities, as well as procedures for developing IEPs. They must also implement specified procedural safeguards to ensure children with disabilities and their parents are provided with due process. These safeguards, known collectively as the IDEA's administrative process, provide parents with an avenue to file a complaint and to participate in an impartial due process hearing with respect to "any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a free appropriate public education to such child...." *Id.* § 1415(b)(6)(A); *see also id.* § 1415(f)(1)(A) (parents who have filed a complaint "shall have an opportunity for an impartial due process hearing...."). The IDEA's administrative process is conducted in compliance with state procedures. 20 U.S.C. § 1415(f)(1)(A).

759 F.3d 266, 271-72 (3d Cir. 2014) (footnotes 7 and 8 omitted). In Pennsylvania, an impartial hearing officer presides over the due process hearing. Id. at 272 n. 8 (citing 22 Pa. Code § 14.162).

"Following completion of the IDEA's administrative process, i.e., exhaustion, the IDEA

affords '[a]ny party aggrieved by the findings and decisions' made during or pursuant to the impartial due process hearing an opportunity for judicial review." Id. (citing 20 U.S.C. § 1415(i)(2)(A) and Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994)). "In the normal case, exhausting the IDEA's administrative process is required in order for the statute to 'grant[ ] subject matter jurisdiction to the district court [ ].'" Id. (quoting Komninos, 13 F.3d at 778). Exhaustion is not required, however, in "very limited circumstances, such as where exhaustion is futile or inadequate, where the question presented is purely legal, where the administrative process cannot grant relief, or where exhaustion would work a severe and irreparable harm on the litigant." D.M. v. New Jersey Dep't of Educ., 801 F.3d 205, 212 (3d Cir. 2015) (citing Komninos, 13 F.3d at 778-79).

The decision from the Pennsylvania Special Education Hearing Officer ("hearing officer") from October 20, 2015, which Plaintiff submitted when she initiated this action, (ECF No. 3-2), provides that impartial due process hearings were held on September 21, October 1, and October 6, 2016. As Defendant notes, the only issue presented before and decided by the hearing officer involved the question of R.C.'s educational placement. The hearing officer notes that Plaintiff's "complaint explicitly focused on the length of the transportation to the proposed placement and the age-range of the students in the placement. The guardian [Plaintiff] requested private placement." (Id. at p. 6).

Defendant contends that at the impartial due process hearing, it submitted evidence that R.C. should be placed on Conroy Educational Center, while Plaintiff submitted evidence that R.C. should be placed at Family Links. According to Defendant, Plaintiff never presented evidence or raised the issue before the hearing officer regarding R.C. being placed in the John Merck program or some other short term school, as the amended complaint now requests.

7

Therefore, Defendant seeks to narrow the scope of the amended complaint, asserting that Plaintiff has failed to exhaust all administrative remedies regarding the issues of the John Merck program and other short term programs.

While we acknowledge that a plaintiff's failure to exhaust all administrative remedies is a jurisdictional bar under the IDEA, the Court finds that it is premature to make such a determination at this time. Defendant's argument on this issue is unsupported on the record before the Court. The Court has reviewed the decision from the hearing officer and notes that there is no mention whatsoever of Defendant presenting Conroy as an option or Plaintiff arguing that Family Links was appropriate. The hearing officer's decision does not identify any of the potential programs by name, so it is impossible to determine at this stage of the proceedings which programs were presented before the hearing officer and which ones were not. Therefore, it is recommended that Defendant's motion to dismiss certain claims in the amended complaint for lack of subject matter jurisdiction based on failure to exhaust administrative remedies be denied at this stage, as the factual record surrounding this issue needs further development before such a determination can be made. If it is later shown that Plaintiff has failed to exhaust her administrative remedies as to any of the claims that she is asserting herein, we will recommend dismissal of those claims based on lack of subject matter jurisdiction at that time.

      2.      **Motion to Dismiss under Rule 12(b)(6)**

Defendant also moves to dismiss the amended complaint for failure to state a claim because the named defendant—Special Education—is a fictitious entity. Defendant is correct that Plaintiff cannot attain relief or prevail against such a fictitious entity. Defendant believes that the amended complaint is actually referring to the School District of Pittsburgh. Defendant also re-asserts its argument that the amended complaint fails to state a claim upon which relief

can be granted because Plaintiff only alleges injury to her grandson. As such, Defendant contends that Plaintiff has not alleged that she suffered an injury-in-fact and also argues that she lacks redressability. The Court finds merit to this argument as well. Both of these deficiencies, however, can be corrected by the Court entering an Order amending the caption.

Indeed, the School District of Pittsburgh is represented by counsel and is the movant of the pending motion. It filed this motion recognizing that Plaintiff likely intended to sue it, rather than the fictitious entity Special Education. Because Defendant rightly asserts that the caption is flawed in multiple ways, the most efficient way to correct this error under the circumstances is for the Court to enter an Order amending the caption of this case as follows:

> KIM CHERRY, on behalf of R.C.,
> a minor,
>
> > Plaintiff,
>
> > v.
>
> SCHOOL DISTRICT OF PITTSBURGH,
>
> > Defendant.

As a result, Defendant's motion to dismiss for failure to state a claim should be denied, but the Court should enter an Order amending the caption.

### 3. Alternative Motion for More Definite Statement under Rule 12(e)

Rule 12(e) allows a party to move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). While the Court recognizes Defendant's concern that the amended complaint is extremely bare and provides few factual allegations, the Court nevertheless recommends denying this alternative motion for more definite statement. Defendant is aware that Plaintiff is seeking review of the

hearing officer's October 20, 2015 decision regarding the placement of R.C., her grandson, into the educational program at Conroy Educational Center, which Plaintiff believes is inappropriate based on his needs. Although the amended complaint is certainly vague, it sufficiently puts Defendant on notice of the claims being asserted against it. Therefore, Defendant's alternative motion for more definite statement under Rule 12(e) should be denied, and this case should proceed to the next phase where the undersigned will conduct a conference with the parties.

### III. CONCLUSION

In accordance with the foregoing, it is respectfully recommended that Defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, and/or motion for more definite statement (ECF No. 9) be denied. It is further respectfully recommended that the Court Order that the case caption be amended as follows to correct the deficiencies raised by Defendant:

KIM CHERRY, on behalf of R.C.,
a minor,

    Plaintiff,

      v.

SCHOOL DISTRICT OF PITTSBURGH,

    Defendant.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b)(2) of the Federal Rules of Civil Procedure, and the Local Rules for Magistrates, the parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of it. Failure to file timely objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: June 13, 2016.                                   By the Court:

                                                        s/ Cynthia Reed Eddy
                                                        Cynthia Reed Eddy
                                                        United States Magistrate Judge


cc:     **THE HONORABLE DAVID S. CERCONE**
        (via electronic notification)

        **KIM CHERRY**
        2209 Arlington Avenue
        Pittsburgh, PA 15210

        **REBECCA HALL**
        (via electronic notification)