IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KIM CHERRY, on behalf of R.C., a minor, | ) | |
|---|---|---|
| | ) | Civil Action No. 15-1457 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| SCHOOL DISTRICT OF PITTSBURGH, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

I.     **RECOMMENDATION**

It is respectfully recommended that Defendant School District of Pittsburgh's pending unopposed motion to dismiss this action on mootness grounds (ECF No. 27)[1] be granted.

II.     **REPORT**

Plaintiff Kim Cherry initiated this action *pro se* on November 6, 2015 by filing a motion to proceed *in forma pauperis*, and her complaint was filed on November 12, 2015. (ECF Nos. 1, 3). She initiated this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, for purposes of seeking review of the due process hearing officer's decision regarding her grandson's educational placement. Plaintiff filed an amended

---

[1] Although Defendant has filed this as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the Court will construe it as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). A factual attack on subject matter jurisdiction concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (alterations in original). In this scenario, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Mortenson v. First Federal Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), and "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

1

complaint on November 16, 2015. (ECF No. 8). The gist of the amended complaint is that Plaintiff, as guardian to her minor grandson R.C., who has Down's Syndrome, is dissatisfied with the program in which the School District placed her grandson. In his decision, the hearing officer adopted the School District's proposal that R.C. be placed at Conroy Education Center ("Conroy"). At the time of the filing of this action, Plaintiff opposed R.C. being placed in an educational program at Conroy, and instead sought to have R.C. placed in a different program. She filed this action solely for the purpose of changing R.C.'s educational placement, and has not requested any other form of relief.

On June 23, 2016, this Court issued a Report and Recommendation (ECF No. 23), recommending that the School District's motion to dismiss for lack of subject matter jurisdiction[2] and failure to state a claim be denied. No objections to this R&R were filed and it was adopted as the Opinion of the District Court on July 8, 2016. (ECF No. 26).

While that R&R was pending, the Court scheduled a case management conference to occur on July 7, 2016, (ECF No. 25), which Plaintiff did not attend. *See* (Text-Only Minute Entry from 07/07/2016). At this conference, defense counsel asserted "that this case is now moot because Plaintiff now wishes for her grandson to be in the full-time life skills placement at Conroy, which she originally opposed." (*Id.*). As such, the Court advised the School District to "file an appropriate motion, attaching any relevant signed letters and/or agreements." (*Id.*).

In accordance with the foregoing, the School District filed the pending motion on August 10, 2016, along with a brief in support thereof, a concise statement of material facts, and an appendix. (ECF Nos. 27-32). The following day, on August 11, 2016, the Court entered an Order Response/Briefing Schedule wherein it ordered Plaintiff to file a Response to the pending

---

[2] The School District's arguments as to lack of subject matter jurisdiction pertained to standing arguments with regard to a technicality involving the case caption and exhaustion of administrative remedies. Unlike the motion here, it did not assert that Plaintiff's claims were moot.

motion on or before August 31, 2016. (ECF No. 31). The Court also advised Plaintiff that "failure to file a Response will result in the motion being decided without the benefit of her response." (*Id.*). To date, Plaintiff has not filed a Response to this motion. Accordingly, it is unopposed, and is ripe for recommendation.

In the School District's brief in support of its motion, it contends that "the entire matter has become moot because Plaintiff, as guardian of R.C., has executed a written consent for R.C. to attend the School District's full-time life skills program at [Conroy]." (ECF No. 28 at 1). The School District has attached said written consents to its motion. (ECF No. 30 at 23-31). Therefore, "[s]ince the matter pending before this Court revolves entirely around the proposed educational placement of R.C., which has been successfully resolved," the School District contends that the case is now moot, and thus, no case or controversy exists under Article III of the Constitution. The Court agrees.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.' In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 131 S. Ct. 721, 726 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (citation omitted). "A case becomes moot … when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) (citation and internal marks omitted).

As the School District contends in its motion, although Plaintiff initiated this action

solely for the purpose of challenging her grandson's educational placement at Conroy, she has since retracted that position, and now agrees that Conroy is an appropriate placement. The School District has included documentation in its appendix corroborating its contention. (ECF No. 30 at 23-31). Further, in its brief in support, the School District states:

> Since the time of Plaintiff's filing of her July 15, 2015, Due Process Complaint, in accordance with the "stay put" provisions of the Individuals with Disabilities Education Improvement Act, the Defendant School District has maintained R.C.'s educational placement in the supplemental life skills placement. In May 2016, R.C.'s Individualized Education Program (hereinafter "IEP") team convened to discuss his current special education program and related needs. Plaintiff was an active participant in the May 2016 IEP team meeting. At the May 2016 IEP team meeting, Defendant School District Again discussed its recommendation that R.C. would best be supported at the Defendant's full-time life skills placement and issued two Notice of Recommended Educational Placement/Prior Written Notice's (hereinafter "NOREP") expressing the same. At the time of the IEP team meeting, and again via her consent to the NOREP's, Plaintiff Kim Cherry agreed to a change in educational placement to the Defendant School District's full-time life skills support classroom at Conroy.
>
> As a result of the signing of the NOREP's, R.C. began attending the full-time life skills support program at Conroy this summer. R.C. is currently on the student roster to attend Conroy for the 2016/2017 regular school year. Both parties are now in agreement with R.C.'s educational placement resulting in a lack of case or controversy.

(ECF No. 28 at 4-5) (internal citations and footnotes omitted).

Although she had the opportunity to be heard at a case management and also to oppose the pending motion to dismiss this action as moot, Plaintiff has taken no steps to do so. Given that the only relief requested in the amended complaint pertains to her grandson's educational placement, which the School District has established is no longer in dispute, this case is now moot because it is impossible to grant any effectual relief whatever to Plaintiff. *See Campbell-Ewald*, 136 S. Ct. at 669. Further, the Court agrees with the School District that "the current matter pending before this Court is not capable of repetition because *the parties are fully in agreement* as to the appropriate educational placement for R.C." (ECF No. 28) (emphasis

4

added); *see Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397 F.3d 77, 87-88 (2d Cir. 2005) (finding that an IEP challenge was not capable of repetition in part because the school district subsequently agreed that the student's continued placement in the parent's preferred program was appropriate and because the school district expressly represented that it did not intend remove the student from that program).[3]

Moreover, in light of the fact that the Plaintiff has since consented to the School District's IEP, which is in direct contravention to the relief sought in her amended complaint in this action, along with the fact that Plaintiff did not appear at the case management conference or oppose this pending motion, it appears that Plaintiff has abandoned this action,[4] thereby constituting a separate basis to dismiss this action. *See Pierre v. Bureau of I.C.E.*, 267 Fed. App'x 163, 167 (3d Cir. 2008) (dismissing the petition as moot because every indication supported the conclusion that the petitioner had abandoned his claims, and thus, there was no longer a live case or controversy).

Therefore, because the School District has established that this case is moot, we are without subject matter jurisdiction to preside over it. As such, the amended complaint should be dismissed without prejudice, s*ee Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) ("[D]ismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'"), and the case should be marked closed.

---

[3] *See also K.A. ex rel. F.A. v. Fulton Cty. Sch. Dist.*, 741 F.3d 1195, 1201 n. 9 (11th Cir. 2013) (noting the difference in how courts analyze this issue depending on whether the school district and the guardian are in conflict versus agreement). Moreover, we emphasize that this is not a case where the School District engaged in a voluntary cessation of a challenged practice for purposes of depriving this Court of its power to determine the legality of its placement of R.C. *See Friends of the Earth, Inc. v. Laidlaw Env. Svcs. (TOC), Inc.*, 528 U.S. 167 (2000). Rather, it was the conduct of Plaintiff, not the School District, that caused this action to become moot.

[4] Indeed, Plaintiff has not filed any documents in this case since January 21, 2016 (ECF No. 17), notwithstanding that the Court entered an Order to Show Cause on March 10, 2016 (ECF No. 19).

## III. CONCLUSION

In accordance with the foregoing, it is respectfully recommended the amended complaint be dismissed without prejudice and the case be marked closed.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b)(2) of the Federal Rules of Civil Procedure, and the Local Rules for Magistrates, the parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of it. Failure to file timely objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Dated: September 7, 2016.                       By the Court:

                                                    s/ Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

cc:  **THE HONORABLE DAVID S. CERCONE**
     (via electronic notification)

   **KIM CHERRY**
   2209 Arlington Avenue
   Pittsburgh, PA 15210

   **REBECCA HALL**
   (via electronic notification)